UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**KELLY MANN**                                                            **PETITIONER**

**VERSUS**                                     **CIVIL ACTION NO. 3:16CV39-CWR-RHW**

**WARDEN**                                                         **RESPONDENT**

## **PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Before the Court is Respondent's motion to dismiss as untimely Petitioner Kelly Mann's 28 U.S.C. § 2254 petition for writ of habeas corpus. Doc. [12]. Petitioner pleaded guilty to murder and armed robbery in 1993. Doc. [12-2]. He currently is serving a sentence of life for murder and 40 years for armed robbery, with the sentences to run consecutively. Doc. [12-3]. The trial court handed down sentence on August 9, 1993. *Id.* Petitioner filed his first motion for post-conviction collateral relief on October 27, 1994 (with a signature date of September 12, 1994), which the trial court denied on July 2, 1995. Doc. [12-4] & Doc. [12-5]. The Mississippi Supreme Court affirmed the trial court's decision, with a mandate issued on February 24, 1998. Doc. [12-6]. Petitioner has filed a series of additional pleadings in state court, which are outlined in Respondent's motion to dismiss. Doc. [12-7], [12-8], [12-10], [12-13], [12-16] & [12-22]. For the most part, these later pleadings are motions for post-conviction relief, all of which have been denied as either time-barred and/or successive. Doc. [12-9], [12-11], [12-12], [12-14], [12-15] & [12-25].

## **LAW AND ANALYSIS**

28 U.S.C. § 2244 provides, in relevant part, that:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner was convicted and sentenced in 1993. Doc. [12-3]. Thus Petitioner's conviction and sentence became final prior to enactment of the AEDPA (April 24, 1996). Petitioner therefore would be entitled to a one-year grace period, or until April 24, 1997, to file a timely § 2254 petition. *See Grillete v. Warden, Winn Corr. Ctr.*, 372 F.3d 765, 768 (5th Cir. 2004). Petitioner filed his first petition for post-conviction relief on October 27, 1994, which also was prior to the AEDPA's enactment. Doc. [12-4]. This petition was denied by the trial court and the decision of the trial court ultimately was affirmed by the Mississippi Supreme Court on February 24, 1998. Doc. [12-5] & [12-6]. The undersigned finds that Petitioner's one-year limitations period for filing a timely § 2254 petition under the AEDPA ran from February 24, 1998. Petitioner did not file the instant § 2254 petition until January 26, 2016–almost 17 years past the deadline of

February 24, 1999. Petitioner has not filed a response in opposition to the motion to dismiss and does not dispute Respondent's characterization of the relevant time line in this case.

Petitioner's subsequent state court pleadings do not alter the Court's analysis. For example he filed a second post-conviction motion on June 2, 1999; a third post-conviction motion on August 3, 2006; a fourth post-conviction motion on January 12, 2010; and fifth post-conviction motion on March 28, 2013. Each of these was filed after the expiration of Petitioner's one-year deadline for filing a timely petition under the AEDPA. Accordingly, none of these successive state court motions would operate to toll the limitation period. The undersigned finds that Petitioner's § 2254 petition should be dismissed because it is approximately 17 years too late.

The Supreme Court has recognized that, in appropriate cases, the limitations period may be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549, 2560-62 (2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 2562. Equitable tolling is available only in "rare and exceptional circumstances". *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). Petitioner bears the burden of proof concerning equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Petitioner is not entitled to equitable tolling because he has not identified any rare and exceptional circumstances that would warrant equitable toling.

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Respondent's [12] Motion to Dismiss be GRANTED, and that Kelly Mann's 28 U.S.C. § 2254 petition for writ of habeas corpus be dismissed as time-barred.

3

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 1st day of November, 2016.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE